**FILED**

MAY 1 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Soreta Waldeck Von Bulow Cloud, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 0788** |
| | ) | |
| United States Attorney | ) | |
| Rudolph Contreras, Chief, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a District of Columbia resident, sues the former Chief of the Civil Division of the United States Attorney for the District of Columbia, now a judge of this Court, because she allegedly was the victim of identity theft. She seeks $27 million in damages and a "Permanent Injunction." Compl. at 4 (page numbers supplied). The complaint is not a model of clarity and is purportedly brought under 28 U.S.C. §1345 ("United States as plaintiff") and § 1348 ("Banking association as party"). Compl. ¶ 3. Suffice it to say, neither of those jurisdictional provisions is applicable. Plaintiff has attached a decision dated October 27, 2011, from the Department of Veterans Affairs denying her administrative tort claim "for personal injury in the amount of [$27 million] as a result of the alleged negligence of the U.S. Department of Veterans Affairs." The denial was based in part on it "appear[ing] that VA had [no] involvement in the matters . . .

*N*

3

form[ing] the basis for [plaintiff's] claim." Plaintiff was advised of her right to file a lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

In the instant complaint, plaintiff states that "[t]he FTCA ruling has no bearing on this case as I am not a Veteran, nor do I work for your government." Compl. at 4. Furthermore, plaintiff states that the alleged "acts committed were intentional and premeditated as the identity theft began prior to my presence in the United States." *Id.* As much as can be discerned from the complaint's allegations, plaintiff is not seeking "money damages . . . for [injuries] caused by the negligent or wrongful act or omission" of a Government employee, 28 U.S.C. § 1346(b)(1), and therefore has not stated a cognizable claim against the real party in interest, the United States. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: April 21, 2011